## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**EDNECDIA JOHNSON,**

       **Petitioner,**

**v.**                                                      **Case No. 1:20-cv-00862**

**WARDEN REHERMAN,**
**FPC Alderson,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner Ednecdia Johnson's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's request for dismissal of the petition, (ECF No. 7). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), (ECF No. 3). Having thoroughly considered the record, the undersigned **FINDS** that the petition is moot; therefore, the undersigned **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DISMISSED;** Respondent's request for dismissal, (ECF No. 7), be **GRANTED**; and that this matter be **DISMISSED** and removed from the docket of the Court.

### I.    Factual and Procedural Background

Petitioner filed the instant petition under § 2241 on December 13, 2020 while she was incarcerated in Federal Prison Camp (FPC) Alderson within this judicial

district. (ECF No. 1). In the petition, she sought to be released to home confinement pursuant to the CARES Act because there were positive cases of COVID-19 in her place of incarceration, and Petitioner was purportedly at risk for severe illness. (ECF No. 1 at 7). In response to the petition, Respondent argued that the decision of whether to release Petitioner to home confinement is within the sound discretion of the Federal Bureau of Prisons ("BOP"). (ECF No. 7 at 1). Respondent asserted that Petitioner does not have a liberty interest in being released to home confinement, and the BOP appropriately considered the relevant factors and determined that Petitioner was not suitable for release under the CARES Act. (ECF No. 7 at 2-6). In reply, Petitioner concedes that the "Court is not authorized to order CARES Act confinement." (ECF No. 9 at 1). However, she asked the Court to stay this case so that she can complete the administrative remedy process regarding her Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score, which is a factor that the BOP considers in determining eligibility for home confinement. (*Id.*). After filing her reply, Petitioner was released to the Atlanta Residential Reentry Management field office and now resides in a home in Columbus, Georgia. (ECF No. 10); *BOP Inmate Locator,* https://www.bop.gov/inmateloc.

## II.    <u>**Standard of Review**</u>

Respondent does not identify the standard under which he seeks dismissal of Petitioner's petition; however, Respondent filed his response concurrently with the request for dismissal. (ECF No. 7). Therefore, the request should be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings applies the same standard of review as a motion to dismiss filed under Rule

12(b)(6), and both motions may be filed in habeas actions. *Id.* at 138–39; *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. (*Id.*) The court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Petitioner's *pro se* petition is to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also* Fed. R. Civ. P. 8(e).

## III.    Discussion

Petitioner seeks home confinement under the CARES Act. (ECF No. 1). For the reasons that follow, her claim is moot, and, even if Petitioner presented a live

controversy, the Court cannot grant the relief which she seeks under § 2241.

### A. Mootness

The undersigned confirmed with the BOP that Petitioner has been released from incarceration in FPC Alderson and her custody has been transferred to the Atlanta Residential Reentry Management field office; she now resides in a home in Columbus, Georgia. *See also* (ECF No. 10); *BOP Inmate Locator,* https://www.bop.gov/inmateloc. Therefore, Petitioner's concerns regarding her PATTERN score and eligibility for home confinement are moot. Article III of the United States Constitution allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence.").

In other words, a case no longer presents a justiciable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)). While there are some exceptions to the mootness doctrine, none of them apply in this case. Petitioner has not articulated any collateral consequences flowing from the BOP's initial calculation

4

of her PATTERN score and denial of home confinement, nor is she likely to face the same set of circumstances in the future. For those reasons, the undersigned **FINDS** that (1) Petitioner's receipt of the relief that she requested renders her petition moot and (2) no exception to the mootness doctrine applies.

### B. Designation of Home Confinement

Furthermore, the undersigned notes that Petitioner does not possess a liberty interest in home confinement for any portion of her sentence. *See Larue*, 2006 WL 1674487, at *16; *Olim v. Wakinekona*, 461 U.S. 238, 244 (1983). Pursuant to 18 U.S.C. § 3621(b), the BOP considers five factors when determining an inmate's place of imprisonment. The factors identified in § 3621(b) are as follows:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Title 18 U.S.C. § 3624(c) grants the BOP authority to transfer inmates to pre-release custody, which allows a prisoner to serve a portion of her sentence in the community, such as home confinement or a halfway house. Section 3624(c)(1) governs pre-release placements. As amended by the Second Chance Act of 2007, Section 3624(c) provides as follows:

> (1) In general. – The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

In determining an inmate's placement in a halfway house or home confinement, the BOP is required to consider the five statutory factors. *See Syrek v. Phillips*, 2008 WL 4335494 (N.D.W. Va. Sep. 17, 2008). However, the fact that the BOP *may* assign a prisoner to a halfway house or to home confinement does not mean that it *must*. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005). The record shows that the BOP fulfilled its obligation under the law to consider the statutory factors in determining whether Petitioner qualified for home detention. (ECF No. 7-1).

While the First Step Act provides criteria for the BOP to consider when designating an inmate to a place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review. 18 U.S.C. 3621(b). This Court accordingly has no authority to consider the BOP's refusal to designate Petitioner to home confinement when the BOP rendered its decision based on the factors committed to its discretion. *In re Rice*, 33 F. App'x 108 (4th Cir. 2002) (holding that the BOP's discretionary power to designate an inmate's location is plenary and a court order that the BOP transfer him from one federal prison to another was unavailable). As such, the undersigned **FINDS** that the BOP appropriately considered Petitioner for designation to home confinement and further **FINDS** that her petition on that basis should be dismissed.

### C.  The CARES Act

Insofar as Petitioner's petition could be construed as a motion for compassionate release pursuant to the CARES Act, this Court does not have

6

jurisdiction to consider that claim. Petitioner is in BOP custody pursuant to a sentence imposed by the Northern District of Georgia. (ECF No. 1 at 1). Courts in this circuit and elsewhere have consistently found that a § 2241 petition is not the appropriate mechanism by which to raise a request for compassionate release and such a request must instead be brought under 18 U.S.C. § 3582 in the court that issued the inmate's sentence. *See Robinson v. Wilson*, No. 1:17-CV-02630, 2017 WL 5586981, at *5 (S.D.W. Va. Sept. 26, 2017), *report and recommendation adopted*, No. CV 1:17-02630, 2017 WL 5586272 (S.D.W. Va. Nov. 20, 2017) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court."); *see also Deffenbaugh v. Sullivan,* No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court."); *Allah v. Fed. Bureau of Prisons Dir.*, No. CV 9:16-2665-BHH-BM, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016), *report and recommendation adopted*, No. CV 9:16-2665-BHH, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (same) (collecting cases); *Braswell v. Gallegos*, 82 Fed. Appx. 633, 635 & n. 2 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence."). For all of the above reasons, the undersigned **FINDS** that Respondent's request to dismiss this § 2241 petition should be granted.

## IV.    **Proposal and Recommendations**

The undersigned respectfully **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DISMISSED**; that Respondent's request for dismissal, (ECF No. 7), be **GRANTED**; and that this matter be **DISMISSED** and removed  from the docket of

the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:**  December 15, 2021

Cheryl A. Eifert
United States Magistrate Judge

8